IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PIERCE PARTNERS III, LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:19-cv-00335 |
| | § | |
| MARCUS MORTON | § | |
|     Defendant. | § | |

## **FIRST AMENDED VERIFIED COMPLAINT**

Plaintiff, PIERCE PARTNERS, complains of Defendant, MARCUS MORTON, as follows:

### **THE PARTIES**

1. Plaintiff, PIERCE PARTNERS ("Plaintiff"), is a Texas general partnership.[1]

2. Defendant, Marcus Morton ("Guarantor"), is an individual resident and citizen of the State of Louisiana and may be served with process at 333 Market St. Shreveport, LA 71101 or 5731 Lovers Lane, Shreveport, Louisiana 71105, or at 910 Pierremont Rd, Suite 351, Shreveport, Louisiana, 71106, or wherever he may be found.

### **JURISDICTION AND VENUE**

3. The parties are of diverse citizenship.

4. Plaintiff is a Texas general partnership. Plaintiff's partners citizens of the State of Texas. Therefore, Plaintiff is a citizen of the State of Texas.

5. Defendant is a citizen of the State of Louisiana.

6. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

---

[1] Plaintiff is incorrectly named as "Pierce Partners III, LLC" in the Original Complaint (Doc.1). Plaintiff files this amended complaint to state the correct name of the parties.

8. A substantial portion of the events that gave rise to this litigation occurred in that geographical area known as the Southern District of Texas. In addition, the parties consented to and submitted themselves to the jurisdiction of any court of competent jurisdiction in Houston, Harris County, Texas, pursuant to the Guaranty (defined below) that comprises the subject matter of this lawsuit.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## THE AGREEMENT

10. On or about April 18, 2016, Plaintiff and D'Arbonne Bends, LLC ("Borrower") entered into a promissory note (the "Agreement"), whereby Plaintiff agreed to loan and Borrower agreed to repay to Plaintiff $1,000,000.00, including interest, pursuant to the terms and conditions stated therein. A true and correct copy of the Agreement is attached hereto as "Exhibit A."

11. To induce Plaintiff to enter into the Agreement, Guarantor guaranteed the full and timely performance of Borrower, in all of its obligations under the Note, as they may be amended from time to time, to Plaintiff (the "Guaranty"). A true and correct copy of the Guaranty executed by Guarantor in favor of Plaintiff dated April 18, 2016, is attached hereto as "Exhibit B." The Note funded on April 30, 2016.

12. Under the terms and conditions of the Agreement, failure to make a payment when due is considered an event of default.

13. The Agreement matured by its terms on April 30, 2017. Borrower failed to pay the Agreement in full upon maturity.

## DEFAULT BY GUARANTOR

14. The Agreement matured on April 30, 2017. Borrower failed to pay the Agreement in full on April 30, 2017, and is in default under the Agreement for its failure to pay the amounts due thereunder.

15. Plaintiff noticed Guarantor of Borrower's default and made demand on Guarantor under the Guaranty on January 10, 2019.

16. Guarantor is in default under the Guaranty for his failure to pay the full amount due under the Agreement.

17. More specifically, Guarantor failed to make the April 30, 2017 payment due under the Agreement, and has paid nothing since that date.

18. The principal amount due and owing totaled not less than $1,000,000.00 as of the date of default (April 30, 2017).

19. Under the Agreement, Borrower is obligated to pay interest on all unpaid amounts at the interest rate of eighteen percent (18%) per annum the accrued plus unpaid interest. As of January 30, 2019, the amount of accrued, but unpaid interest was $495,616.44.

20. Under the Agreement, Borrower is obligated to pay the attorney fees and costs incurred by Plaintiff in the enforcement of its rights thereunder, including this lawsuit.

21. Under the Guaranty, Guarantor is liable to Plaintiff for all amounts due under the Agreement, without limitation.

22. Calculated as of May 24, 2019, the amount due and owing under the Agreement, not including attorney fees, is an amount not less than $1,551,835.62. Interest continues to accrue on the principal amount thereof at a rate of $493.15 per diem.

23. Plaintiff notified Guarantor of Borrower's default under the Agreement and made demand upon Guarantor to pay the amounts due under the Agreement.

24. Despite express demand, Guarantor has failed or refused to pay the amounts due and owing under the Agreement to Plaintiff.

25. Plaintiff has performed any and all conditions and obligations required of it under the Agreement and the Guaranty.

## COUNT I – Breach of Contract

26. Plaintiff incorporates and realleges all preceding paragraphs in this Count I.

27. Plaintiff has performed all terms and conditions of the Agreement and the Guaranty to be performed by Plaintiff.

28. Guarantor has not performed under the Agreement and the Guaranty on his part by, among other reasons, failing to make payment under the Agreement upon maturity.

29. Under the Agreement and the Guaranty, Plaintiff is entitled to contractual money damages from Guarantor as provided therein.

30. The Agreement and the Guaranty provide that Plaintiff shall recover its attorney fees, costs of collection, and interest on all unpaid amounts due and owing.

WHEREFORE, Plaintiff prays that this Court enter a judgment in its favor and against Guarantor in the amount due under the Agreement and the Guaranty, the exact amount to be proven at or before trial, plus its attorney fees, costs, and interest, together with such other and further relief as shall be just and equitable.

Dated:  June 12, 2019.

Respectfully submitted,

HUSCH BLACKWELL, LLP

By: */s/ Sabrina A. Neff*
   Sabrina A. Neff
   TBN# 24065813
   600 Travis St., Suite 2350
   Houston, Texas 77002
   (713) 647-6800 – Telephone
   (713) 647-6884 – Facsimile
   sabrina.neff@huschblackwell.com

   ATTORNEYS FOR PLAINTIFF
   PIERCE PARTNERS

## **VERIFICATION**

I, the undersigned, Laurance H. Armour, III, am a partner of Plaintiff, PIERCE PARTNERS, GP and am its authorized representative. As such, I have personal knowledge of the facts set forth in the attached First Amended Verified Complaint. I have reviewed the allegations of fact set forth in the First Amended Verified Complaint and hereby verify that said facts are true, correct, and accurate.

                                                                                                   _____

                                                                                                    Laurance H. Armour, III

Subscribed and sworn before me this
_____ day of May, 2019.

_____
Notary Public

DocID: 4851-8706-2936.1