UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PIERCE PARTNERS III, LLC, | § § | CIVIL ACTION NO. 4:19-cv-00335 |
| Plaintiff, | § § | |
| vs. | § § | JUDGE CHARLES ESKRIDGE |
| MARCUS MORTON, | § § | |
| Defendant. | § § | |

**OPINION AND ORDER ON SUMMARY JUDGMENT**

The Court grants the motion for summary judgment brought by Plaintiff Pierce Partners III, LLC on its contract dispute with Defendant Marcus Morton. Dkt 26.

1. Background

The following facts are undisputed. See Dkt 26-2 (affidavit of Laurance Armour, partner of Pierce Partners).

This case concerns performance of a guaranty on a promissory note. Id at ¶ 7; see id at 5 (promissory note). Pierce Partners issued this note to D'Arbonne Bend LLC in the amount of one million dollars. Morton separately provided a guaranty on the note. Id at ¶ 7; see id at 8 (continuing personal guaranty).

The note establishes an interest rate of eighteen percent. Id at ¶¶ 12, 15; see id at 5. Both the note and the guaranty state Texas as the applicable law, including as to usury. See id at 6–7, 10. The guaranty also provides for attorney fees and costs. Id at ¶ 12; see id at 11.

The loan matured in April 2017 in the full amount of one million dollars, and D'Arbonne Bend failed to pay. Id at ¶ 15. Pierce Partners then made a demand on Morton under the guaranty in January 2019. See id at 15 (demand letter). Morton failed to make payment. See id at ¶ 20.

Pierce Partners filed an action for breach and moved for summary judgment on the contract prior to discovery. It asserts that the total amount owing was $1,602,136.99 as of September 3, 2019. Id at ¶ 19. The Court heard oral argument on the motion.

2. Legal standard

Rule 56(a) of the Federal Rules of Civil Procedure requires entry of summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See *Trent v Wade*, 776 F3d 368, 376 (5th Cir 2015), quoting FRCP 56(a). The Fifth Circuit holds that a fact is *material* "if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v Lone Star State of Texas*, 560 F3d 316, 326 (5th Cir 2009) (quotations omitted). And further, that a *genuine dispute of material fact* exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v CCC & R Tres Arboles LLC*, 736 F3d 396, 400 (5th Cir 2013), quoting *Anderson v Liberty Lobby*, 477 US 242, 248 (1986).

On motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. *Connors v Graves*, 538 F3d 373, 376 (5th Cir 2008). The moving party typically bears the entire burden to demonstrate the absence of a genuine issue of material fact. *Nola Spice Designs LLC v Haydel Enterprises Inc*, 783 F3d 527, 536 (5th Cir 2015) (citation omitted); see also *Celotex Corp v Catrett*, 477 US 317, 323 (1986). But where a motion for summary judgment presents only a question on which the nonmovant bears the burden of proof at trial—such as the validity of an affirmative defense—the burden shifts to the defendant to demonstrate "by competent summary judgment proof that there is an issue of material fact warranting trial." *Nola Spice*, 783 F3d at 536 (quotations omitted).

3. Analysis

Morton does not contest the validity of the note or his guaranty. And he neither suggests that Pierce Partners is seeking monies not owed nor disputes the calculation of damages. Morton's counsel confirmed these concessions at hearing.

Morton only asserted in response that his affirmative defenses preclude resolution on summary judgment. He specified two. One concerned personal jurisdiction. Dkt 31 at 7–8. At hearing, Morton's counsel withdrew that challenge.

Another concerned usury. Dkt 31 at 2–7. The parties stated in the guaranty that Texas law would apply to "any disputes arising out of or related to this Guaranty." Dkt 26-2 at 10. The promissory note also expressed that it was "the intention and desire of the parties to apply the usury laws of the State of Texas." Id at 13. Texas law permits a maximum interest rate of twenty-eight percent per year for credit "extended for a business, commercial, investment, or similar purpose." Texas Finance Code § 303.009(c). The note provided for interest equal to "eighteen percent (18%) per annum." Id at 5.

Morton's affirmative defense of usury is thus untenable if Texas law applies. He asserts instead that California law—and not the contractual selection of Texas law—should apply. Dkt 31 at 3–6; see Cal Const Art XV, § 1(2) (maximum interest rate of ten percent for loans guaranteed by individuals). Morton thus asks this Court to set aside the parties' negotiated choice-of-law provision, overriding their expressed contractual intent.

When "making a choice of law determination, a federal court exercising diversity jurisdiction must apply the choice of law rules of the forum state, here Texas." *Mayo v Hartford Life Insurance Co*, 354 F3d 400, 403 (5th Cir 2004). Generally speaking, "Texas law favors the enforcement of contractual choice-of-law provisions." *DuVal Wiedmann LLC v InfoRocket.com Inc*, 620 F3d 496, 501 (5th Cir 2010). Texas courts appear to overrule choice-of-law clauses only in two circumstances:

- o When the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice; or
- o When the chosen law would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which

3

would be the state of applicable law in the absence of an effective choice of law by the parties.

*Western Southern Life Assurance Co v Kaleh*, 879 F3d 653, 658 (5th Cir 2018), quoting *Exxon Mobil Corp v Drennen*, 452 SW3d 319, 324–25 (Tex 2014).

Morton argues just the second prong, stating that usury is "a fundamental policy" of California. Dkt 31 at 5. He provides no caselaw to support that assertion. He does direct the Court's attention to his filings in a related action for declaratory judgment he initiated in the Central District of California. Dkt 31 at 3; see Dkt 31-2. But a nonmovant on summary judgment is "required to identify specific evidence in the record, and to articulate the precise manner in which that evidence support[s] their claim." *Willis v Cleco Corp*, 749 F3d 314, 317(5th Cir 2014) (quotations omitted). The Fifth Circuit "has regularly reminded litigants that Rule 56 does not impose upon the district court . . . a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." Ibid (quotations omitted).

The Court thus finds Morton to have waived challenge in this regard. Regardless, the filings from the related California case rely on authority best summarized as describing California's interest in protecting California consumers in loan transactions. For example, see *Brack v Omni Loan Co Ltd*, 164 Cal App 4th 1312, 1328 (Cal App 2008). True, D'Arbonne Bend conducts business in California. Dkt 31-1 at ¶ 4 (affidavit of Marcus Morton). But it is a Louisiana LLC. Dkt 31-2 at 7. It is also not the defendant here—Morton is. And he is not a California consumer, but rather, a citizen of Louisiana. Dkt 31-1 at ¶ 10; see La Rev Stat Ann § 9:3509 (maximum allowable interest rate of twenty-one percent). What's more, Pierce Partners is a Texas partnership. Dkt 26-2 at ¶ 5. Morton provides the Court with no authority suggesting that it is a fundamental policy of California to apply its usury law to a commercial loan provided by a Texas bank to a Louisiana corporation and guaranteed by a Louisiana citizen.

Morton has failed to establish usury as a "fundamental policy" of California applicable to this dispute. He raises other arguments under the second prong—for instance, whether

California has a "more significant relationship" to the transaction than Texas. See Dkt 31 at 6. And he further asserts that Rule 56(d) required discovery on that question before decision on summary judgment. Id at 8–9. But those issues are immaterial and require no resolution in light of the preceding conclusion.

To the extent Morton's response sought also to invalidate the parties' forum-selection clause, his counsel at hearing withdrew such challenge. See id at 3–7.

To the extent his response refers to four other affirmative defenses as raising disputed issues of material fact, he fails to identify specific, record evidence supporting those defenses. See id at 8. Indeed, he doesn't even identify them by name. They are waived. *Willis*, 749 F3d at 317.

### 4. Conclusion

The Court finds that Texas law applies to the guaranty, reflecting the parties' negotiated terms. Morton provides no evidence or law to suggest that the underlying interest rate of the note is usurious under Texas law. The Court holds as a matter of law that it is not.

The Court GRANTS the motion for summary judgment brought by Pierce Partners. As such, Morton must pay Pierce Partners:

- o  The full amount of the note, one million dollars;
- o  Interest calculated at eighteen percent; and
- o  Pierce Partners' reasonable attorney fees and costs.

The Court ORDERS the parties to confer as to those amounts and present a proposed form of judgment conforming to this memorandum opinion and order by March 6, 2020. Absent agreement, Pierce Partners must file a request for entry of final judgment by that date with a proposed form of judgment setting forth its calculation of these amounts.

All other deadlines are abated. Any other motions are terminated as moot.

SO ORDERED.

Signed on February 21, 2020, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge